UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


ABBY LOU CARPENTER,

           Plaintiff,

      v.                               Civil No. 08-6339-HA
                                         Portland Division
                                         OPINION AND ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

           Defendant.

_____

HAGGERTY, District Judge:

      Plaintiff Abby Lou Carpenter seeks judicial review of a final decision by the

Commissioner of the Social Security Administration denying her application for Disability

Insurance Benefits (DIB). This court has jurisdiction to review the Commissioner's decision

under 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is reversed

and remanded for further proceedings.


1- OPINION AND ORDER

## STANDARDS

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 423(d)(1)(A).  Additionally, for the purposes of DIB, a plaintiff has the burden of proving disability prior to the termination of his or her insured status.  *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits.  20 C.F.R. §§ 404.1520, 416.920.

First, the Commissioner determines whether the claimant is engaged in SGA.  If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to the second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe."  20 C.F.R. § 404.1520(a).  If the claimant lacks this kind of impairment, disability benefits are denied.  20 C.F.R. § 404.1520(c).

If at least some of the claimant's impairments are severe, the Commissioner proceeds to the third step to determine whether the impairment or impairments are equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA.  *See* 20 C.F.R. § 404.1520(d).  These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments or the Listings).  The Listings describe impairments which qualify as severe enough to be construed as *per se* disabling.  20 C.F.R. §§ 404.1525, 416.925; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

2- OPINION AND ORDER

The claimant has the burden of producing medical evidence that establishes all of the requisite medical findings for a listed impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner determines the claimant's residual functional capacity (RFC), which is the most an individual can do in a work setting despite the total limiting effects of all his or her impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p.

The Commissioner then proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step and determines if the claimant can perform other work in the national economy in light of his or her RFC, age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof at steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

3- OPINION AND ORDER

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act.  20 C.F.R. § 404.1520(f)(1).  If the Commissioner meets this burden, the claimant is deemed not disabled for purposes of determining benefits eligibility.  20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).  The Commissioner's denial of benefits is upheld even if the evidence is susceptible to more than one rational interpretation, so long as one of the interpretations supports the decision of the Administrative Law Judge (ALJ). *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision.  *Tackett*, 180 F.3d at 1098.  The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome.  *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998).

However, a decision supported by substantial evidence must be set aside if the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision.  *Reddick*, 157 F.3d at 720.

**<u>FACTS</u>**

The relevant facts, which are drawn from the administrative record and the ALJ's
4- OPINION AND ORDER

decision, are summarized here.  Plaintiff was forty-one years old at the alleged disability onset

date and forty-six years old at the time of the ALJ's hearing.  Plaintiff has a high school

education and has studied medical transcription.  She has past relevant work experience as an

office clerk specialist, a mental retardation aide, and a medical records technician.

Plaintiff protectively filed her application for benefits on September 7, 2005, alleging

disability beginning July 1, 2003.  Plaintiff alleges disability stemming from physical and mental

impairments including: obesity, diabetes mellitus, peripheral neuropathy, chronic lumbar strain

with degenerative disc disease, joint injuries, depression, and anxiety.  Plaintiff's application was

denied initially and on reconsideration.  The ALJ conducted a hearing on February 11, 2008 at

which he heard testimony from plaintiff, who was represented by counsel; and a vocational

expert.

On April 18, 2008 the ALJ issued a decision finding plaintiff not disabled as defined in

the Social Security Act.  The Appeals Council declined plaintiff's request for administrative

review, making the ALJ's decision the final decision of the Commissioner for purposes of

judicial review.  Plaintiff subsequently initiated this action.

## SUMMARY OF ALJ'S FINDINGS

At step one, the ALJ found that plaintiff had not engaged in SGA since her alleged

disability onset date.  Tr. 14, Finding 2.[1]

At step two, the ALJ found that plaintiff has the following medically determinable severe

impairments: "obesity; diabetes mellitus; peripheral neuropathy; history of right knee torn

meniscus status post athroscopic repair (September 2007); history of bilateral carpal tunnel

---

[1] Tr. refers to the Transcript of the Administrative Record.

5- OPINION AND ORDER

syndrome with surgical releases; chronic lumbar strain with degenerative disc disease at L5-S1; possible epicondylitis; history of diarrhea; sleep apnea; depression; history of anxiety related symptomatology; substance abuse (methamphetamine, marijuana, and alcohol); and rule out personality disorder (December 2003)." Tr. 14, Finding 3.

At step three, the ALJ found that plaintiff does not have an impairment, or combination of impairments, that meets or equals the requirements of any listed impairment. Tr. 14, Finding 4.

The ALJ determined that plaintiff has the RFC to lift and carry twenty pounds occasionally and ten pounds frequently; walk and stand for two hours in an eight hour workday with no sitting restrictions, has some postural restrictions, and must avoid walking on uneven surfaces. Tr. 15, Finding 5. Moreover, plaintiff should have only occasional contact with the general public and is unable to maintain concentration or pace for detailed or complex tasks. *Id*.

At step four, the ALJ found that plaintiff was incapable of performing her past relevant work. Tr. 21, Finding 6.

At step five, the ALJ, found that there are jobs that exist in significant numbers in the national economy that plaintiff could perform. Tr. 21, Finding 10.

**DISCUSSION**

Plaintiff contends that this court should reverse and remand the Commissioner's final decision for further findings or for an award of benefits due to a number of alleged errors including: (1) improperly rejecting physicians' opinions and (2) improperly assessing plaintiff's credibility.

**1.      Physicians' Opinion**

Plaintiff argues that the ALJ improperly rejected the opinions of two treating physicians.

6- OPINION AND ORDER

Of particular relevance to this court's analysis is the opinion of Dr. McCarley, M.D.  Doctor

McCarley was plaintiff's treating psychiatrist.  On February 8, 2008, he signed a letter written by

plaintiff's counsel regarding his opinions concerning plaintiff's ability to work.  Tr. 537.  In

relevant part, the letter stated:

> In your opinion, Mrs. Carpenter's depression would not prevent all work activity.
> However, you suspect she has an underlying personality disorder.  She has
> problems with impulse control, and the combination of this and her depression
> would make her inconsistent in her ability to sustain full-time employment.

*Id*.

The ALJ's brief discussion of Dr. McCarley's opinion focuses on the fact that plaintiff is

not precluded from all work activity, and ignores the statement that plaintiff would be

"inconsistent in her ability to sustain full-time employment."  *Id*.  Plaintiff contends that the

letter was not ambiguous, and expresses Dr. McCarley's opinion that plaintiff is incapable of

sustaining competitive full-time employment.  Moreover, plaintiff contends that because the ALJ

failed to reject Dr. McCarley's opinion, the opinion should be credited as true.

The Commissioner contends that the ALJ offered a reasonable interpretation of the

ambiguous letter and that his interpretation is entitled to deference under the "substantial

evidence" standard.

The opinion of an examining physician cannot be lightly disregarded.  However, such

opinions are "not binding on an ALJ with respect to the existence of an impairment or the

ultimate determination of disability."  *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001)

(citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989)).  The ALJ may reject the

contradicted opinion of a treating or examining physician by stating specific and legitimate

reasons, and may reject an uncontradicted treating or examining physician opinion by providing

7- OPINION AND ORDER

clear and convincing reasons, supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *see also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1995) (ALJ must provide clear and convincing reasons for rejecting uncontroverted expert opinions, and must provide specific, legitimate reasons for rejecting controverted expert opinions). An ALJ must give weight not only to the physician's clinical findings and interpretation of test results, but also to their subjective judgments. *Lester*, 81 F.3d at 832-33 (citation omitted).

This court finds that Dr. McCarley's opinion was ambiguous regarding plaintiff's ability to sustain competitive employment and that the ALJ was required to further develop the record in order to resolve these inconsistencies. *See* 20 C.F.R. § 404.1512(e) (stating that the Commissioner should contact a treating physician when the evidence provided by the physician is inadequate). "In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). This duty exists even when the plaintiff is represented by counsel. *Id.*

Here, the ALJ should have contacted Dr. McCarley in order to clarify his opinion. That the inartfully and ambiguously drafted letter signed by Dr. McCarley was composed by plaintiff's counsel is noted by the court.  An attorney's mistake, however, does not relieve the ALJ of his duty to develop the record.[2]

This court has reviewed plaintiff's remaining arguments and finds that the remaining portions of the ALJ's decision are free of legal error and are supported by substantial evidence in

---

[2] The amount of time spent litigating this matter, if any, would have been reduced but for plaintiff's counsel's poor drafting. This fact should be reflected in any request for reasonable attorney fees.

the record.

A remand for further proceedings is unnecessary if the record is fully developed, and it is clear from the record that the ALJ would be required to award benefits. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). The decision whether to remand for further proceedings turns upon the likely utility of such proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In this matter, this court concludes that outstanding issues remain that must be resolved before a determination of disability can be made.

Upon remand, the ALJ shall contact Dr. McCarley for a specific, detailed opinion regarding plaintiff's functional limitations and ability, if any, to sustain employment. The ALJ shall reevaluate plaintiff's RFC in light of his Dr. McCarley's opinion.

## **CONCLUSION**

For the reasons provided, this court concludes that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner denying Abby Lou Carpenter's application for DIB must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this ruling and the parameters provided herein.

IT IS SO ORDERED.

DATED this ___21___ day of January, 2010.

_____/s/ Ancer L. Haggerty_____
Ancer L. Haggerty
United States District Judge

9- OPINION AND ORDER